**Seydi BAH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–2362–ag.**

United States Court of Appeals, Second Circuit.

March 21, 2007.

Matthew J. Harris, New York, New York, for Petitioner.

David L. Huber, United States Attorney for the Western District of Kentucky, Terry M. Cushing, Assistant United States Attorney, Louisville, Kentucky, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. BARRINGTON D. PARKER, Hon. PETER W. HALL, Circuit Judges.

*SUMMARY ORDER*

Petitioner Seydi Bah, a native and citizen of Guinea, seeks review of an April 19, 2006 order of the BIA affirming the January 21, 2005 decision of Immigration Judge ("IJ") Brigitte LaForest denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Seydi Bah*, No. A95 864 077 (B.I.A. Apr. 19, 2006), *aff'g* No. A95 864 077 (Immig. Ct. N.Y. City Jan. 21, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 52(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 401 (2d Cir.2005).

■ An applicant for asylum bears the burden of proving by clear and convincing evidence that his application was filed within one year of his arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). In this case, the IJ determined that Bah failed to establish his date of entry, and thus, failed to prove that he filed his application within one year of that date. Bah does not raise any arguments challenging the IJ's one-year bar finding or the denial of his asy-

lum claim, and as a result, this claim is deemed waived. *See Jian Wen Wang v. BCIS*, 437 F.3d 276, 278 (2d Cir.2006).

■ Substantial evidence supports the IJ's adverse credibility finding. Bah's testimony was inconsistent with his asylum application regarding his detention, and he inexplicably failed to include significant information regarding his arrest and detention in the revised affidavit he submitted in support of his claims. In addition, Bah's testimony was in conflict with one of his own supporting documents. These inconsistencies went directly to the central issues in Bah's claim, and as a result, the IJ's adverse credibility determination is supported by substantial evidence and served as a sufficient ground for denying his withholding of removal claim.

Because the only evidence that Bah was likely to be tortured also depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for CAT relief. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005); *cf. Ramsameachire v. Ashcroft*, 357 F.3d 169, 184–85 (2d Cir.2004) (holding that the agency may not deny a CAT claim solely on the basis of an adverse credibility finding made in the asylum context, where the CAT claim did not turn upon credibility).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).